UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. ALDRIDGE, Warden,<br><br>　　　　　Defendant. | No. 2:19-cv-2006 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////
////
////

1  **III.   Plaintiff's Allegations**

Plaintiff's allegations arose while he was incarcerated at California Health Care Facility ("CHCF") in Stockton, California. He names CHCF Warden L. Aldridge as the sole defendant in this damages action.

Plaintiff's allegations may be fairly summarized as follows:

Between April 15 and April 20, 2019, inmates at CHCF were notified that the water supply in the facility was contaminated. As a result, certain precautions were taken by the institution, to include providing bottled water to the inmates. During this period, inmates in the entire facility were provided with special shower head fitters in order to shower and maintain their personal hygiene. However, inmates like plaintiff in Facility E1 were not provided the same shower head filters because the institution did not order enough. Plaintiff, who is obese, did not shower for this 5-day period, resulting in him contracting a serious rash in and around his groin that caused severe pain, sleepless nights, and mental anguish.

**IV.   Discussion**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Id. (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim,

prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. Farmer, 511 U.S. at 847. While inmates have the right to personal hygiene supplies, plaintiff's complaint based on the 5-day denial of an opportunity to shower does not amount to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Farmer, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Here, the alleged deprivation was only five days, which does not rise to the level of deliberate indifference required to state an Eighth Amendment claim. There is no constitutional right to a certain number of showers per week and an occasional or temporary deprivation of a shower does not rise to the level of a constitutional violation. See, e.g., McFarland v. Kullojka, 2019 WL 937237, at *5 (W.D. Washington, Jan. 30, 2019) (finding that a prisoner's deprivation of shower for eight days are upsetting to prisoner but is not "sufficiently serious to implicate Eighth Amendment concerns."); Hernandez v. Olmos, 2013 WL 5718566, at *3 (E.D. Cal. Oct. 18, 2013), report and recommendation adopted by 2013 WL 6230269 (E.D. Cal. Dec. 2, 2013) ("[S]hort term denials of showers is not the type of deprivation that rises to the level of an Eighth Amendment violation."); Centeno v. Wilson, 2011 WL 8836747, at *3 (E.D. Cal. Mar. 4, 2011) (concluding denial of showers for a prisoner for seven days is "not so extreme as to violate contemporary standards of decency and rise to the level of a constitutional deprivation.") Gonzales v. Price, 2009 WL 4718850, at *6 (E.D. Cal. Dec. 2, 2009) ("Plaintiff alleges being denied showers approximately twenty-five days in a two-year period, with apparently no such prohibition being imposed for longer than three days in a row. Such temporary restriction on showers simply does not rise to the level of unconstitutional conditions of confinement."); Cox v. McDaniel, 2004 WL 7324716, at *5 (D. Nev. Feb. 25, 2004) ("A few days denial of yard time or

showers does not rise to a constitutional violation.") See generally Anderson, 45 F.3d at 1315 (temporary sanitary limitations do not violate constitutional rights).

In addition, plaintiff fails to allege any facts to show deliberate indifference on the part of Warden Aldridge. Indeed, other than naming this individual as a defendant, plaintiff fails to assert any allegations as to him or her. Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Thus, because plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation, his complaint fails to state an Eighth Amendment claim upon which relief can be granted.

**V.     Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at

555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Within thirty days from the date of service of this order, plaintiff must file either:
   a. a first amended complaint curing the deficiencies identified by the Court in this order;
   b. a notice of election to stand on the complaint; or
   c. a notice of voluntary dismissal, and

4. If plaintiff fails to respond to this Order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: January 28, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/rich2006. scrn