UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>                    Plaintiff,<br><br>         v.<br><br>L. ALDRIDGE, Warden,<br><br>                    Defendant. | No.  2:19-cv-2006 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was screened and found to be lacking a cognizable claim. Plaintiff has now filed a first amended complaint, which is before the Court for screening.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.     Plaintiff's Allegations**

Plaintiff's allegations arose while he was incarcerated at California Health Care Facility ("CHCF") in Stockton, California. He brings an Eighth Amendment conditions of confinement claim and, liberally construed, a Fourteenth Amendment equal protection claim against CHCF Warden L. Aldridge. This defendant is sued for damages in his individual capacity.

Plaintiff's allegations may be fairly summarized as follows:

On April 15, 2019, CHCF inmates were notified that the water supply in the facility was contaminated and could result in Legionnaire's disease. As a result, certain precautions were taken by the institution, to include providing bottled water to the inmates. During this period, Warden Aldridge provided special showerhead nozzles to inmates in the entire facility except for those in plaintiff's housing unit.

Plaintiff is obese and prone to rashes in and around his genitals if he is unable to shower more than two days in a row. On April 17, 2019, plaintiff submitted an Inmate Request for

2

1 Interview directly to Warden Aldridge. Plaintiff complained that the showerhead nozzle was
2 provided to the rest of the inmates but not to his housing unit, and that he, as an obese inmate,
3 was at risk for developing a rash or infection if he is unable to shower for more than 48 hours. In
4 response, Warden Aldridge allegedly informed plaintiff that his housing unit did not receive the
5 nozzles because the institution ran short of them. Plaintiff alleges that Warden Aldridge's
6 response amounted to him saying, "your unit is the forgotten unit when it comes to all supplies"
7 and "oh well" and "sorry about your luck."

8     On April 20, plaintiff housing unit received a showerhead nozzle, but by that point
9 plaintiff had already developed a rash that required medical treatment.

10 **IV.   Discussion**

11     **A. Eighth Amendment**

12     The Eighth Amendment's prohibition against cruel and unusual punishment protects
13 prisoners not only from inhumane methods of punishment but also from inhumane conditions of
14 confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.
15 Brennan, 511 U.S. 825, 847 (1994); Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation
16 marks omitted). While conditions of confinement may be, and often are, restrictive and harsh,
17 they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045
18 (citing Rhodes, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological
19 purpose or contrary to evolving standards of decency that mark the progress of a maturing society
20 violate the Eighth Amendment. Id. (quotation marks and citations omitted); Hope v. Pelzer, 536
21 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

22     In addition, prison officials have a duty to ensure prisoners are provided adequate shelter,
23 food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731
24 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim,
25 prisoners must allege facts sufficient to plausibly show that officials acted with deliberate
26 indifference to a substantial risk of harm to their health or safety. Farmer, 511 U.S. at 847.

27     While inmates have the right to personal hygiene supplies, a short-term denial of an
28 opportunity to shower does not amount to the type of objectively serious deprivation the Cruel

and Unusual Punishments Clause exists to prevent. See Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Farmer, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

In the previous screening order, plaintiff was informed that a five-day delay in the availability of a shower does not, standing alone, amount to a constitutional violation. In the amended complaint, plaintiff clarifies that only three days lapsed from the time that he informed Warden Aldridge of his need for a shower lest he develop a rash (April 17)[1] to the day that his housing unit received a showerhead nozzle (April 20). The question here is whether this three-day delay coupled with defendant's knowledge of plaintiff's need for a shower amounted to deliberate indifference. On review, the Court again finds that plaintiff's allegations do not state a claim. This is because Warden Aldridge's delay in providing a showerhead nozzle to plaintiff's unit was not due to a deliberate indifference to a substantial risk to plaintiff's health, but instead due to the fact that there was an institutional shortage of showerhead nozzles. There is no deliberate indifference on these facts.

### B. Fourteenth Amendment

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal

---

[1] The Court assumes, for purposes of this Screening Order, that Warden Aldridge received plaintiff's request on the same day that plaintiff submitted it.

1  protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see
2  also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal
3  protection claim based on denial of in-cell meals where no allegation of race-based discrimination
4  was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. Mar. 19, 2008)

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Liberally construed, plaintiff is also asserting an equal protection claim against Warden Aldridge for providing a showerhead nozzle to all inmates except those in plaintiff's housing unit. But any equal protection claim here necessarily fails because the failure to provide a showerhead nozzle to plaintiff's unit is attributed to the shortage of supplies, not on the basis of plaintiff's membership in any class.

**V.   Conclusion**

Plaintiff's first amended complaint fails to state a claim on which relief may be granted. The undersigned finds that further amendment in this case would be futile. The Court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.  "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  August 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/rich2006.scrn 1AC