UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>              Plaintiff,<br><br>     v.<br><br>L. ALDRIDGE, Warden,<br><br>              Defendant. | No. 2:19-cv-2006 TLN DB P<br><br><br>ORDER<br><br>(ECF Nos. 64, 65) |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's motion to compel filed on December 29, 2021 (ECF No. 65) and accompanying motion for extension of time to complete discovery (ECF No. 64) are before the court.

Plaintiff moves to compel defendant to respond to three discovery requests served on November 1, 2021, which was after the last day to timely serve written discovery requests under the court's discovery and scheduling orders. Defendant opposes the motion to compel as untimely filed and on other grounds.[1] (ECF No. 66.) Plaintiff has filed a reply. (ECF No. 68.) As discussed below, both motions will be denied.

---

[1] Defendant has also filed an opposition (ECF No. 63) to a distinct motion to compel drafted by plaintiff and served on defendant but not filed with the court ("unfiled motion"). Plaintiff's unfiled motion addressed the same three discovery requests and sought similar relief as the motion to compel presently before the court. (See ECF No. 63-1, 63-2; compare ECF Nos. 66-1,

1

### I. Plaintiff's Allegations

Plaintiff proceeds on an Eighth Amendment claim against Warden Aldridge as the sole defendant. Plaintiff alleges Warden Aldridge was aware of his medical need for clean water and failed to provide it with deliberate indifference to a serious threat to plaintiff's health.

### II. Motion to Compel (ECF No. 65)

Plaintiff's motion to compel asserts defendant has not responded or has not fully responded to three discovery requests. (ECF No. 65 at 2.) Prior to serving the requests at issue on November 1, 2021, plaintiff served the same or similar requests. (ECF No. 65 at 3; ECF No. 68 at 2.) To the extent they were "unanswered," he either "revised" or "resubmitted" them on November 1, 2021. (ECF No. 65 at 3, 7, 9, 11-12.) Plaintiff requests the court to order defendant to fully respond to these requests and to order sanctions in the amount of $1,000 for defendant's "non-compliance of discovery rules and court order to participate in the discovery process[.]" (ECF No. 65 at 4-5.)

First at issue are plaintiff's Request for Production of Documents, Numbers 5 and 6. (ECF No. 65 at 1, 3.) These requests asked defendant to produce "all documents pertaining to the ordering and installing of shower filters installed in April 2019" and "all documents showing when shower filters [were] installed in [CHCF building] E1B." (ECF No. 63-2 at 3; ECF No. 65 at 3.) Plaintiff served these requests or similar requests on July 20, 2021 and/or August 17, 2021, but defendant either did not respond or did not fully respond. (ECF No 65 at 7-8; ECF No. 68 at 2-3.) Plaintiff then "resubmitted" the requests on November 1, 2021, because they were "unanswered" or not fully answered. (ECF No. 65 at 9; ECF No. 68 at 3.)

Also on November 1, 2021, plaintiff served a revised Request for Admission, Number 8. (ECF No. 65 at 4, 11.) Plaintiff states he had previously served Request for Admission, Number 8, to defendant on July 8, 2021, and then modified it and served it again on July 22, 2021. (ECF No. 68 at 2-3.) As served on November 1, 2021, revised Request for Admission, Number 8, asked defendant to admit that "when a physician prescribed a medicated cream for a patient who suffers

---

66-2.) Plaintiff's three discovery requests at issue in the present motion are attached as exhibits to defendant's opposition to the unfiled motion and are referenced there accordingly.

from a severe rash/infection[,] that it is in the plaintiff's best interest to adhere to the physicians orders/prescription." (ECF No. 63-1 at 3; ECF No. 65 at 3.)

### III. Defendant's Opposition (ECF No. 66)

Defendant asserts the discovery requests at issue were untimely served without an agreement to conduct late discovery. (ECF No. 66 at 1.) Defendant argues the court should deny the motion because it is untimely, does not comply with Federal Rule of Civil Procedure 37(a)(1), and is not supported by necessary facts or law. (Id. at 2.) Defendant argues defendant cannot substantively respond to the motion because it does not identify the specific discovery responses to which plaintiff objects, does not describe the purported inadequacy in defendant's responses, and does not set forth the legal basis to support an order compelling a further response. (Id.)

As to plaintiff's earlier, timely served discovery, defendant states defendant responded to two sets of requests for admissions totaling 45 requests, one set of 20 interrogatories, and two sets of requests for production of documents totaling 11 requests. (Id. at 2.) Defendant states there is no indication in the file that plaintiff objected to these responses. (Id.) Defendant argues the motion to compel should be denied because plaintiff fails to articulate how or why any of defendant's responses were insufficient. (Id.)

### IV. Discussion

Plaintiff's motion identifies the discovery requests at issue as Request for Production of Documents, Numbers 5 and 6, and Request for Admission, Number 8, as these requests were worded when served on November 1, 2021. Defendant argues these requests were untimely served.

On May 25, 2021, the court issued a discovery and scheduling order allowing the parties to conduct discovery until October 1, 2021. (ECF No. 43 at 6.) Any motions necessary to compel discovery were ordered to be filed by that date, and all interrogatories, requests for admissions, requests for production, and deposition by written questions were to be served not later than sixty days prior to the discovery cut-off date. (Id. at 5-6.)

Defendant requested, and the court granted, two extensions of time for defendant to respond to plaintiff's Request for Admissions, Set Two, and Request for Production of

Documents, Set Two, served on July 22, 2021, and on July 20, 2021, respectively. (ECF Nos. 52, 54, 56, 57.) This extended the time for defendant's responses to these requests through October 21, 2021.[2] (See Id.) Also pursuant to defendant's request, on October 4, 2021, the court extended time to complete discovery and to file motions to compel up to and including November 30, 2021. (ECF No. 60 at 1.) Because discovery requests were to be served not later than sixty days prior to the discovery cut-off date, this extension of the time did not result in an additional opportunity for either party to serve further discovery requests.

Plaintiff served the discovery requests at issue on November 1, 2021. Receiving no responses, he mailed the present motion to compel and motion for extension of time to complete discovery and on December 24, 2021. (ECF No. 64 at 4; ECF No. 65 at 5.)

Defendant is correct that these requests were untimely served under the court's discovery and scheduling orders. Accordingly, plaintiff must show good cause for both reopening discovery and for filing the untimely motion to compel. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (district courts will modify dates set forth in a scheduling order only upon a showing of good cause); Sheridan v. Reinke, 611 Fed. Appx. 381, 384 (9th Cir. 2015) (applying Johnson "good cause" requirement to a pro se prisoner's motion to reopen discovery); see also Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) ("District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" (citation omitted)).

Plaintiff's diligence is a primary consideration in the court's decision whether to reopen discovery. See Johnson, 975 F.2d at 609; Sheridan, 611 Fed. Appx. at 384. The court may also consider any prejudice to the party opposing the modification. Johnson, 975 F.2d at 609. "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted); Johnson, 975 F.2d at 609. If the

---

[2] As calculated by defendant, the initial due date was September 7, 2021. (ECF No. 52 at 1.) The record does not reflect when defendant served responses or when plaintiff received them.

1  moving party has not acted with diligence in pursuing discovery, he has failed to show good
2  cause to reopen discovery and "the inquiry should end." Johnson, 975 F.2d at 609.
3        Regarding his delay, plaintiff states he lost access to materials and the law library at
4  unspecified times due to the ongoing Covid-19 pandemic restrictions in the prison. (ECF No. 68
5  at 4.) Plaintiff states he attempted to timely seek this discovery previously, but received only
6  partial responses to his requests. (Id. at 2-3.) Plaintiff also states he relied on the statement of the
7  Deputy Attorney General formerly assigned to this case that documents responsive to Request for
8  Documents, Numbers 5 and 6, would in fact be produced and that Request for Admission,
9  Number 8, would be answered. (ECF No. 68 at 2; ECF No. 65 at 4.) Plaintiff notes he did not
10 oppose defendant's requests for extensions of time to respond to his previous discovery requests.
11 (ECF No. 68 at 6.)

      **A.  "Re-submitted" Request for Production of Documents, Numbers 5 and 6**

13       Plaintiff's argument as to the "re-submitted" Request for Production of Documents,
14 Numbers 5 and 6, focuses on defendant's responses or non-responses to his earlier discovery
15 requests. Plaintiff states he received only partial responses to the prior requests. (ECF No. 68 at 2-
16 3.) However, if plaintiff was dissatisfied with defendant's responses to his prior discovery
17 requests, or if defendant did not respond, his recourse was to file a motion to compel addressing
18 those requests and defendant's responses on or before November 30, 2021, which he did not do.
19 Instead, he "resubmitted" the requests, which were then untimely served. Plaintiff's motion to
20 compel does not acknowledge the November 1, 2021 requests were untimely served. Although it
21 is possible plaintiff did not realize he was untimely serving these requests, "inadvertence,
22 ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable'
23 neglect." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd., 507 U.S. 380, 392 (1993).
24       Plaintiff's reply brief argues the requests served on November 1, 2021 should be
25 construed as timely because he was still attempting to procure responses to his previous requests.
26 But even if the court were to construe plaintiff's re-submission of these requests as an attempt at
27 meet and confer in order to find that he acted diligently in pursuing the discovery, the motion to
28 compel does not support compelling defendant to provide responses or further responses because

1    the timely-served requests are not before the court. Plaintiff's motion included the proofs of

2    service for his prior requests, but did not include the requests themselves or their substance.

3    Similarly, defendant's responses, non-responses, and/or objections to the timely-served requests

4    are not before the court.

5        Plaintiff argues defendant has not fully responded with the documents he still seeks. (ECF

6    No. 65 at 2.) He similarly states defendant has clearly violated the Federal Rules of Civil

7    Procedure by not responding in full. (Id. at 3.) These assertions are too conclusory to allow the

8    court to review the adequacy of defendant's responses and/or objections.

9        The court does not hold prisoners proceeding pro se to the same standards that it holds

10   attorneys. "However, at a minimum, as the moving party plaintiff bears the burden of informing

11   the court… for each disputed response, why defendant's objection is not justified." Grabek v.

12   Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012)

13   (quoting Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB, 2008 WL 2018432, at *1 (E.D.

14   Cal. May 8, 2008)).

15        Plaintiff's motion and argument do not allow the court to consider what documents were

16   produced in response to these requests, if any, or the substance or merit of defendant's objections,

17   if any, to these requests. Accordingly, the motion to compel responses or further responses to

18   these requests will be denied.

19                    **B.  "Revised" Request for Admission, Number 8**

20        Plaintiff states that on July 22, 2021, he served a previous or different version of Request

21   for Admission, Number 8, to which defendant responded and objected that it was overbroad.

22   (ECF No 63-1 at 3.) Plaintiff apparently promptly served his further revised Request for

23   Admission, Number 8, upon receiving defendant's response and overbroad objection. However,

24   this further revised request was untimely served on November 1, 2021, under the relevant

25   deadlines.[3]

---

[3] As noted, the court twice extended time for defendant to serve responses to plaintiff's Requests for Admissions served on July 22, 2021. But even if defendant had not sought and received the extensions of time, plaintiff could not have timely served a further revised request after receiving defendant's responses, because under the court's discovery and scheduling order, discovery

6

Plaintiff did not seek an extension of time to conduct further discovery until he filed the present motion to compel and motion for extension of time, which he mailed on December 24, 2021. Plaintiff's tardiness and lack of explanation for the tardiness do not support a finding of diligence. See Rossetto v. Pabst Brewing Co., 217 F.3d 539, 542 (7th Cir. 2000) (district court's denial of discovery motion was not error where the motion was filed two months after the date set by the court for the completion of discovery with no excuse for tardiness).

In the reply brief, plaintiff attempts to argue that through this motion to compel, he seeks a response to a timely served version of Request for Admission, Number 8. However, that argument fails under the same reasoning it fails pertaining to his timely served requests for production of documents. The substance of plaintiff's timely served Request for Admission, Number 8, is not before the court. Similarly, defendant's response, non-response and/or objections, which apparently included an overbroad objection, are not before the court. Under these circumstances, the court cannot review the merit of defendant's response, non-response and/or objections to the timely-served request. See Grabek, 2012 WL 113799, at *1.

Plaintiff's revised Request for Admission, Number 8, was untimely served on November 1, 2021. Plaintiff fails to set forth good cause for the untimely service of this request or for the delay in filing the motion to compel and motion for extension of time to complete discovery. Accordingly, the court does not find good cause to reopen discovery, and the motion to compel a response to the untimely request for admission will be denied.

**V.  Conclusion and Order**

For the reasons set forth, IT IS ORDERED that plaintiff's motion for extension of time to complete discovery (ECF No. 64) and motion to compel discovery (ECF No. 65) are DENIED.

Dated:  February 14, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
rich2006.mtc2

---

requests had to be served sixty days prior to the close of discovery on October 1, 2021.

7