UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG RICHARD,<br><br>  Plaintiff,<br><br>  v.<br><br>L. ALDRIDGE, Warden,<br><br>  Defendant. | No. 2:19-cv-2006 TLN DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel or "guardian aid." Plaintiff states he suffers from multiple conditions including legal blindness and mental illness and has relied on prisoner assistance to prosecute this case. Plaintiff states his conditions would make it difficult for him to present evidence at trial.

Plaintiff requests a competency hearing for the purpose of appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c). A court must appoint a guardian ad litem, or issue another appropriate order, to protect a minor or an incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c)(2). However, in this case, plaintiff does not show a "substantial question" exists regarding his mental competence such that a hearing would be warranted. See Allen v. Calderon, 408 F.3d 1150 (9th Cir. 2005).

Plaintiff also requests appointment of counsel. The United States Supreme Court has ruled district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional

circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel or guardian aid (ECF No. 69) is denied without prejudice.

Dated:  February 17, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
rich2006.31